UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § | No. 1:23-MJ-00840-DH |
| (1) NICKOLAS ROSTRO, *Defendant* | § § § | |

# ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have considered the evidence and proffers presented during the hearing, the pleadings on file, the recommendation of Pretrial Services, and the four factors set out in the Bail Reform Act, 18 U.S.C. § 3142(g). In light of all of this, I find that the record establishes by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The reasons for my decision include, in particular:

- the nature and circumstances of the offense charged, namely, Defendant's participation in a conspiracy to distribute large amounts of cocaine;

- the weight of the evidence against the person, including evidence from wiretaps, surveillance, and evidence obtained during the execution of search warrants demonstrating Defendant's involvement in multiple bulk cocaine-sales transactions, along with evidence of Defendant's multiple attempts to destroy evidence of the alleged conspiracy;

- the history and characteristics of the person, including Defendant's history of alcohol abuse and his commission of the presently alleged offense while on pretrial release for a state charge for driving while intoxicated and unlawful firearm possession;

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release, particularly his possession of numerous firearms, the presence of a firearm in his vehicle at the time of his September 2023 arrest for DWI, evidence of his obtaining a firearm in spite of a condition of his release on the DWI charge that he not obtain a firearm, and the presence of a firearms in his car and in his house at the time of his arrest on the present charge; and

- finally, the operation of the presumption in 18 U.S.C. § 3142(e)(3) that detention is needed because the crime charged is a narcotics offense for which the maximum penalty is ten years or more (which, even when rebutted, remains as a factor for the Court's consideration).

This record establishes by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

### DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SIGNED December 18, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE